UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 08-401-JBC

JOHN M. KENNEY, ET AL.,                                                                  PLAINTIFFS,

V.                    **MEMORANDUM OPINION AND ORDER**

YVETTE HARVEY, ET AL.,                                                                   DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the defendants' motion to substitute the United States as defendant in place of Yvette Harvey, Peggy Allawat, Yvonne Money, and Betty Benmark (R. 2). The court, having considered the record and being otherwise sufficiently advised, will order an evidentiary hearing on certification.

I.      Background

Kenney Orthopedic, LLC, a plaintiff here, provided prosthetic and orthotic devices and services to the United States government and its veterans pursuant to a contract with the United States Department of Veterans Affairs ("VA"). John M. Kenney, also a plaintiff, is the sole proprietor of Kenney Orthopedic, LLC. The defendants are all employees of the VA.

The plaintiffs' contract with the VA was terminated in October of 2007. The defendants were involved in the administration and termination of the plaintiff's contract. Beginning in December of 2006, the defendants had communicated with

the plaintiffs about concerns regarding Kenney Orthopedic's performance under the contract.

The plaintiffs allege that the defendants committed a variety of wrongful acts in connection with the termination of the contract.[1] Importantly, for the purposes of resolving the instant motion, the plaintiffs assert that in taking the allegedly wrongful actions, the defendants were motivated by a "personal vendetta" against the plaintiffs.

The defendants have moved the court to substitute the United States as the defendant and to dismiss the complaint against the four named defendants.

## II.    Applicable Law

In their motion to substitute, the defendants argue that the United States is the proper defendant in this matter and that the claims against the individual defendants must be dismissed. In support, they cite the Westfall Act, 28 U.S.C. § 2679.

"The Westfall Act immunizes federal employees from liability for torts they commit when acting within the scope of their federal employment." *Rector v. U.S.*, 243 Fed. App'x 976, 978 (6th Cir. 2007) (citing 28 U.S.C. § 2679(b)(1)). "When

---

[1] In their complaint, the plaintiffs allege defamation; tortious interference with a prospective advantage; tortious interference with a contractual advantage; injurious falsehood; illegal restraint of trade and commerce; trade disparagement/ slander of title/trade libel; and intentional infliction of emotional distress. *See* R. 1, Exhibit A, Compl., Cts 1-7.

a federal employee commits a tort while acting within the scope of his employment, any private remedy for that tort must be sought against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 (the "FTCA")." *Id.* The Westfall Act provides that "[u]pon certification by the Attorney General that the defendant was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim . . . shall be deemed an action against the United States under the provisions of this title . . . , and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). The Attorney General has delegated to the United States Attorney the authority to provide the section 2679(d) certification. *See* 28 C.F.R.§ 15.3; *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996).

This certification, however, "does not conclusively establish as correct the substitution of the United States as defendant in place of the employee." *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995). A plaintiff is permitted to challenge the certification and, consequently, the substitution of the United States for the named defendants. *Gilbar v. United States*, 108 F.Supp.2d 812, 816 (S.D.Ohio 1999) (citing *Guiterrez de Martinez*, 515 U.S. at 434). However, the U.S. Attorney's certification "provides prima facie evidence that the employee was acting within the scope of employment." *RMI*, 78 F.3d at 1143 (citing *Brown v. Armstrong*, 949 F.2d 1007, 1012 (8th Cir. 1991)).

A plaintiff challenging the government's certification must present the district

3

court with evidence "from which [it] could reasonably could find that the original defendant-employee acted outside the scope of his employment." *Gilbar*, 108 F.Supp.2d at 816. "The district court must resolve any issues of fact and may hold an evidentiary hearing, if necessary." *Dolan v. U.S.*, 514 F.3d 587, 593 (6th Cir. 2008) (quoting *Singleton v. U.S.*, 277 F.3d 864, 870 (6th Cir. 2002)). When a plaintiff produces evidence controverting the government's certification decision, a district court must conduct an evidentiary hearing in order to determine whether the United States has been properly substituted as a defendant. *Rutkofske v. Norman*, No. 95-2038, 1997 WL 299382, at *4 (6th Cir. June 4, 1997); *Gilbar*, 108 F.Supp.2d at 816; see also *Singleton*, 277 F.3d at 870 ("[W]hen a district court is reviewing a certification question under the Westfall Act, it must identify and resolve disputed issues of fact necessary to its decision before entering its order.") (citation omitted). No hearing is required when, even if the plaintiff's assertions are true, the complaint allegations establish that the employee was acting within the scope of his or her employment. *RMI*, 78 F.3d at 1143. Whether an employee was acting within the scope of his employment is a question of law, resolved by the court in accordance with the law of the state where the conduct occurred. *See Singleton*, 277 F.3d at 870 (citation omitted).

**III.   Analysis**

The United States Attorney attached its certification to defendants' motion to substitute. *See* R. 2, Attachment 1. The parties disagree as to whether the

defendants were acting within the scope of their employment when they committed the acts alleged.  The plaintiffs argue that the defendants were acting outside the scope of their employment because they allegedly committed intentional torts, motivated by a "personal vendetta" against the plaintiffs.  The defendants have replied that the acts were within the scope of employment and these allegations are not sufficient to overcome the government's certification.[2]

The court first must determine in which state the conduct at issue occurred. The defendants, in their reply, raise for the first time the argument  that the acts allegedly committed by two of the defendants (Yvette Harvey and Betty Benmark) were committed in Tennessee, while those of the other two (Allawat and Money) were committed in Kentucky.  Furthermore, the defendants' argument goes, according to the scope-of-employment laws of both states, the defendants were

---

[2]Plaintiffs have filed an objection, requesting that the court disregard the defendants' reply as improper because it introduces new argument, evidence, and documentation.  *See* R. 9.  The plaintiff is correct that new argument should not be presented in a reply.  *See generally Scottsdale Ins. Co. v.* Flowers, 513 F.3d 546, 553 (6th Cir. 2008) (quoting *Novosteel SA v. U.S.*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)).  To the extent that the defendants presented evidence in compliance with their position on the issue of substitution, the reply was proper and in compliance with procedure established in the Sixth Circuit.  *See Singleton v. U.S.*, 277 F.3d 864, 870-71 (6th Cir. 2002) (describing the process by which the Attorney General's certification provides *prima facie* evidence that the employee was acting within the scope of his employment, which the plaintiff may rebut; "[i]f the plaintiff produces such evidence, the government must then produce evidentiary support for its certification.").  To the extent that the defendants presented new legal argument regarding which state's scope-of-employment law should be applied, the objection will be sustained.  However, given the importance of the issue to the court's resolution of the motion, the court will not disregard the argument but will give plaintiffs the opportunity to respond.

acting within the scope of their employment with the VA. The plaintiffs, however, do not address this issue directly but use Kentucky state law to argue that all four defendants acted outside the scope of their employment.

The applicable law on "scope of employment" in Tennessee is set forth in the Restatement (Second) of Agency § 228 (1957). *See Dolan v. U.S.*, 514 F.3d 587, 593-95 (2008) (citing *Roberts v. U.S.*, 191 Fed. App'x 338 (6th Cir. 2006)). According to the Restatement:

> (1) Conduct of a servant is within the scope of employment if but only if:
>     (a) it is of the kind he is employed to perform;
>     (b) it occurs substantially within the authorized time and space limits;
>     (c) it is actuated, at least in part, by a purpose to serve the master; and
>     (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master
>
> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time and space limits, or too little actuated by a purpose to serve the master.

*Dolan*, 514 F.3d at 594 (citations omitted). Tennessee law therefore does not examine the motive of the employee. *Id.*

The applicable Kentucky law, on the other hand, does require consideration of the employee's motive. In determining whether an employee's action is within the scope of employment, Kentucky courts consider the following factors: (1) whether the conduct was similar to that which the employee was hired to perform; (2) whether the action occurred substantially within the authorized spatial and temporal limits of the employment; (3) whether the action was in furtherance of the employer's business; and (4) whether the conduct, though unauthorized, could

6

have been anticipated in view of the employee's duties. *Coleman v. U.S.*, 91 F.3d 820, 823-24 (6th Cir. 1996). The focus of the court in determining scope-of-employment issues should be on the employee's motive for his conduct, not the forseeability of that conduct. *Patterson v. Blair*, 172 S.W.3d 361, 369 (Ky. 2005).

Thus the defendant-employee's motive is important to the court's analysis under Kentucky law, but not under Tennessee law. As the improper motive of each of the defendants is the primary basis for the plaintiffs' argument against substitution, the court concludes that it will not decide this issue without giving the plaintiffs the opportunity to respond to the defendants' argument that the actions of Harvey and Benmark must be analyzed under Tennessee law. *See supra*, note 2.

At a minimum, the court will have to analyze the actions of Money and Allawat under Kentucky law, and so an evidentiary hearing will be necessary to resolve the issue of certification. The defendants have presented evidence that the actions allegedly committed by the defendants in terminating the plaintiffs' contract were the sort of actions they were hired by the VA to perform. The plaintiffs, however, allege that the defendants were motivated to terminate Kenney's contract by personal, not business, reasons. The plaintiffs assert that the defendants harassed the plaintiffs and interfered with the relationship between Kenney Orthopedics and its clients, "undertaking what appears to be a personal vendetta against the Plaintiffs for having raised concerns about the individual Defendants' actions and motives." R. 5, Exhibit A, Declaration of John M. Kenney ¶ 3.

The evidence presented by the plaintiffs is not sufficient to satisfy fully their

7

burden of proof in overcoming the evidence provided by the government's certification. However, if the plaintiffs' allegations are true, then the defendants were acting outside the scope of their employment, as, under Kentucky law, actions motivated by a "personal vendetta," rather than the furtherance of the VA's legitimate interests, would be actions outside the scope of the defendants' employment. Therefore, an evidentiary hearing is necessary. *Cf. Pritchett v. Johnson*, 402 F.Supp.2d 808, 812 (E.D. Mich. 2005) (finding substitution proper and no hearing necessary where plaintiff failed to provide "any evidence from which the court could conclude that the defendant's actions were not within the scope of her employment" and rather had "merely object[ed] to the finding that the defendant acted within the scope of her employment and request[ed] a hearing").

**IV.  Conclusion**

Accordingly, **IT IS ORDERED** that an evidentiary hearing on this motion will be held for the purpose of determining whether the individual defendants acted within the scope of their employment. The court's ruling on the defendants' motion to substitute the United States in place of individual defendants (R.2) is **DEFERRED** until after that hearing.

**IT IS FURTHER ORDERED** that the plaintiffs' objection to defendants' reply and attachments (R. 9) is **OVERRULED** in part and **SUSTAINED** in part. Within thirty (30) days of the issuance of this order, the plaintiffs are to file with the court their response to the defendants' argument that Tennessee law must apply to

defendants Harvey and Benmark.  The parties may then file responses and replies in conformity with the Local Rules.  Upon resolution of this issue, the court will schedule an evidentiary hearing.

Signed on  February 16, 2009

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY