UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 08-401-JBC

JOHN M. KENNEY AND
KENNEY ORTHOPEDIC, LLC,                                           PLAINTIFFS

V.

THE UNITED STATES OF AMERICA AND
PEGGY ALLAWAT,                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiffs having moved under Federal Rule of Civil Procedure 59(e) to alter, vacate, or amend (R. 124) this court's findings of fact and conclusions of law of individual federal defendants and the United States ("FOF") (R. 118), the court will grant the motion in part and deny it in part.

The court construes the plaintiffs' motion as also encompassing a R 52(b) motion to amend findings.[1]  Regardless, the standards under both rules are similar because their purposes are to provide the court an opportunity to reconsider its decisions, not to allow parties to reargue a case.  *See Matilla v. S. Ky. Rural Elec. Coop. Corp.*, 2006 WL 1232902, at *1 (E.D. Ky. May 5, 2006) (citations omitted). Under R 52(b), the moving party has the burden of showing that amendment is

---

[1] "Rule 52(b) motions are often accompanied by, or brought simultaneously with, Rule 59(e) motions to amend the judgement." 9-52 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE – CIVIL § 56.20(1) (3d ed. 2009).

necessary to correct "a manifest error in the court's findings of fact or conclusions of law," to present newly discovered evidence, to supplement or amplify findings, or because of a change in law.  9-52 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE – CIVIL  § 52.60(4)(a) (3d ed. 2009); *see e.g., Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986).  A motion to alter or amend a judgment under Rule 59 may be granted if there is an intervening change in the controlling law, newly discovered evidence, clear legal error, or a need to prevent manifest injustice.  *GenCorp, Inc. V. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).  The plaintiffs argue three types of errors in support of their motion: (1) erroneous references to advice of counsel, (2) findings pertaining to contract-related claim not allowed to be presented during the hearing, and (3) other issues needing modification.  Each will be considered in turn.

I.      **Erroneous References to Advice of Counsel**

First, per the parties' agreement, the court will remove references to legal department consultations in Findings of Fact ("FOF") 9, 21, and 22 from its Amended FOF, which will be filed contemporaneously with this order.  Similar references in FOF 4 and 6, to which the plaintiffs object, will be removed because whether Yvette Harvey consulted the VA legal department is immaterial as to whether she acted within the scope of her employment.  Other references not mentioned by the plaintiffs are in FOF 8, 10, 12, 15, and 43, and they will be deleted as well.  Including the phrase "after consulting her VA legal department"

erroneously implies that the court considered the defense of reliance on advice of counsel in making its substitution decision, which it did not.  To do so would have gone beyond the purpose of Westfall Act certification, which is to decide whether a defendant was "acting within the scope of his office or employment at the time of the incident" that serves as the basis for a claim against that employee.  28 U.S.C. § 2679(d) (2008).

## II. Findings Pertaining to Contract-Related Claim Not Allowed to be Presented During the Hearing

FOF 6, which makes reference to "contractual breaches," will be amended to read "alleged contractual breaches" to address the plaintiffs' concern that the court made conclusions beyond the scope of the hearing.  Based on the same logic, FOF 44 will be removed in its entirety.  Similarly, references in FOF 7 to plaintiffs' production, or lack thereof, of a corrective plan of action, and in FOF 11 and 13 of a signed statement demanded by the defendants in an August 29, 2007, letter will be removed from the Amended FOF.  Issues relating to the alleged contractual breach were not properly before this court and are immaterial to the issue of whether any defendant acted within the scope of her employment.

## III. Other Issues Needing Modification

### A. Language of Paragraph 26

Generally, a Rule 59(e) motion must request a substantive alteration of a judgement, not merely a clerical error.  *See Kalamazoo Acquisitions, L.L.C. v.*

*Westfield Ins. Co., Inc.*, 395 F.3d 338, 342 n.7 (construing a motion that presents a substantive legal challenge as a 59(e) motion, as compared to a motion to correct a clerical error, which is the province of Rule 60).  However, the court acknowledges a typographical error in the last sentence of paragraph 26 referring to "Courts," when it intended to refer to the findings of the "Court."  So, in addition to other substantive changes, this correction will be made in the Amended FOF.  Further, for the purposes of parallelism, the court is willing to insert the phrase "the document speaks for itself, but briefly summarizing" before the second sentence of paragraph 26.

    B.    Paragraphs 32 and 34 and Paragraph 3 of the Conclusion

Upon further consideration, the court is persuaded that the best course of action is to certify (or not) the particular *actions* taken by Allawat, but not go so far as to determine whether such actions form the basis of the *claims* alleged in the plaintiffs' Complaint.  Where, as here, "a single case involves multiple claims," the Westfall Act scope-of-employment certification is appropriate at least down to the level of individual *claims*. *Lyons v. Brown*, 158 F.3d 605, 607 (1st Cir. 1998).  More precisely, though, where, as here, an individual claim encompasses multiple incidents, the scope test should be applied to *acts* or incidents.  *Id.* at 608-09.  Therefore, FOF 32 and 34, which designate only a portion of the plaintiffs' claims, will be removed from the Amended FOF.

In its original FOF, this court enumerated acts or incidents in which each

defendant was involved and concluded all such specified acts by the defendants Harvey, Money, and Benmark were within the scope of their employment. Conversely, FOF 29 describes the incident which severed the employer-employee relationship between Allawat and the Veterans Administration, and marks the point in time that Allawat began to act outside the scope of her employment. Findings of Fact 30, 31, and 33 also describe incidents that are outside the scope of Allawat's employment and thus not certifiable.

Paragraph 3 of the conclusion will be amended to reflect this approach. It will not specify with regard to which, if any, of the plaintiffs' claims Allawat acted outside the scope of her VA employment, but will state more generally, "The Court having found that Peggy Allawat acted outside the scope of her VA employment after the email of mid-2008 (EH C 13), the motion of the United States to be substituted as to defendant in place of Allawat (Record No. 2) is **DENIED**, and the plaintiffs' causes of actions shall proceed against Allawat in her individual capacity." The introductory paragraph to the FOF will be similarly changed to remove references to specific claims and the phrase "with regard to all of the plaintiffs' causes of action (herein)" will be removed from paragraphs 16, 37, and paragraph 1 of the conclusion.

C.  Paragraph 6 of the Conclusion

Plaintiffs' contention that paragraph 6 of the conclusion should be modified so as to reflect that all parties may timely seek an interlocutory appeal of the FOF is

legally incorrect, so this court will not modify it.  Although "the Courts of Appeals are unanimous in holding that orders denying Westfall Act certification and substitution are amenable to immediate review under *Cohen* [*v. Benenficial Indus. Loan Corp.*, 337 U.S. 541 (1949)]," *Osborn v. Haley*, 549 U.S. 225, 239 (2007), the same cannot be said for orders granting Westfall Act certification.  Orders substituting the United States in place of individual defendants effectively grant immunity to individual defendants, which is not immediately appealable under the collateral order doctrine.  *Fleming v. United States*, 162 Fed. Appx. 383, 386 (5th Cir. 2006); *Kassuelke v. Alliant Techsystems, Inc.*, 223 F.3d 929, 931 (8th Cir. 2000); *Maron v. United States*, 126 F.3d 317, 321 n.4 (4th Cir. 1997) (noting specifically that substitution of the United States as a defendant does not satisfy the *Cohen* test).  No other exception to the final judgment rule would allow immediate appeal here.  *Id.*

IV.   Conclusion

Accordingly, **IT IS ORDERED** that plaintiffs' motion (R. 124) to alter, vacate, or amend the court's finding of facts and conclusions of law (R. 118) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Amended Findings of Fact and Conclusions of Law will be **FILED** contemporaneously with this order.

Signed on  January 8, 2010

*Jennifer B. Coffman*

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

7